IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| American Telugu Association, <br><br>    Plaintiff, <br><br> v. <br><br> American Telangana Association, <br><br>    Defendant. | Case No. 1:19-cv-1106 <br><br> Jury Trial Demanded |

**Complaint**

The Plaintiff, American Telugu Association, submits this Complaint against Defendant, American Telangana Association, and alleges as follows:

**Jurisdiction and Venue**

1. This action arises under the Lanham Act 15 U.S.C. § 1051 *et seq.*, among other bases.

2. This court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because Telugu Association's claim for a trademark infringement arises under the Lanham Act.

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 over the pendent state-law claims brought in this action because they are so related to the Lanham Act claims for which this court has original jurisdiction that they form part of the same case and controversy.

4. Plaintiff, American Telugu Association ("Telugu Association"), is a Not-for-Profit Corporation organized and existing under the laws of Illinois, with a place of business in Naperville, Illinois.

5. Defendant, American Telangana Association ("Telangana Association") is an Illinois Not-For-Profit Corporation with a place of business in Naperville, IL. Illinois Secretary of State records show that Telangana Association's registered agent, Karunakar Madhavaram, has an address of 44 Wood Oaks Dr., South Barrington, IL 60010.

6. The court has personal jurisdiction over Telangana Association because Telangana Association resides in Illinois within the Northern District of Illinois.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Telangana Association resides in the Northern District of Illinois.

8. Venue alternatively is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Plaintiff's claims occurred within the Northern District of Illinois. In particular, for example, on information and belief, Telangana Association operates its website at atausa.org having infringing use of ATA from within the Northern District of Illinois. As a further example, on information and belief, Telangana Association undertook acts of trademark infringement within the Northern District of Illinois. On information and belief, Telangana Association continues to operate and control the atausa.org and perform infringing acts from within the Northern District of Illinois.

**Parties**

9. Telugu Association is a not-for-profit corporation incorporated on September 26, 1990. Opposer is one of the oldest and one of the largest organizations promoting Telugu culture and serving persons of Telugu origin in the Unites States.

10. Telangana Association is a not-for-profit corporation with a mailing address in Naperville, IL.

**Nature of the Action**

11. The president and certain officers and founders of the Telangana Association undertook to operate the rival Telangana Association in competition with Telugu Association, while they were members of Telugu Association. Telugu Association brings this action to remedy and stop the infringement arising out of Telangana Association's wrongful use of ATA and ఆటా in the relevant marketplace, and Telangana Association's wrongful use of ATA in cybersquatting by Telangana Association's use of atausa.org and ataconvention.org, among other violations further explained below.

12. Telangana Association's acts have damaged and continue to damage Telugu Association, including reputationally.

**Telugu Association's Trademarks and Services**

13. Telugu Association adopted the trademark ATA (the "ATA Mark") and the trademark



(the "Composite Mark"), (collectively, "Telugu Marks").

14. Telugu Association is using and has used the ATA Mark in interstate commerce in connection with rendering at least the services of ("Telugu Association Services"):

    a. Association services, namely, promoting the interests of persons of Telugu origin;

    b. Association services, namely, promoting Telugu culture and Telugu cultural heritage;

    c. Social club services, namely, arranging, organizing and hosting social events and get-togethers for club members, including but not limited to for the purpose of preserving the Telugu cultural heritage;

    d. Education services, namely, providing conferences, workshops, and seminars in the fields of Telugu culture and literacy; and,

    e. Arranging, organizing and hosting cultural, educational, and social events for the purpose of celebrating and preserving Telugu culture and Telugu cultural heritage.

15. Telugu Association is using and has used the ATA Mark continuously in commerce in connection with rendering the services provided in paragraph 14 since at least as early as July, 1991.

16. As a result of Telugu Association's use of the ATA Mark, Telugu Association has accrued common law trademark rights and substantial goodwill in the ATA Mark.

17. Telugu Association is the owner of U.S. Trademark Registration No. 5,174,800 for the ATA Mark. A copy of the registration certificate for US Trademark Registration No. 5,174,800 is attached as Exhibit A.

18. Telugu Association is using and has used the Composite Mark in interstate commerce in connection with Telugu Association rendering at least the services of:

    a.   Association services, namely, promoting the interests of persons of Telugu origin;

    b.   Association services, namely, promoting Telugu culture and Telugu cultural heritage;

    c.   Social club services, namely, arranging, organizing and hosting social events and get-togethers for club members, including but not limited to, for the purpose of preserving the Telugu cultural heritage;

    d.   Education services, namely, providing conferences, workshops, and seminars in the fields of Telugu culture and literacy; and,

    e.   Arranging, organizing and hosting cultural, educational, and social events for the purpose of celebrating and preserving Telugu culture and Telugu cultural heritage.

19. Telugu Association is using and has used the Composite Mark continuously in commerce in connection with rendering the services provided in paragraph 18 since at least as early as July, 1991.

20. As a result of Telugu Association's use of the Composite Mark, Telugu Association has accrued common law trademark rights and substantial goodwill in the Composite Mark.

21. On December 7, 2016, Telugu Association filed US trademark application serial number 87260816 seeking to register its Composite Mark, and that application is currently pending at the United States Patent and Trademark Office (USPTO).

22. The Composite Mark is a distinctive trademark in relation to the services of paragraph 18 and Telugu Association's Services.

23. The ATA Mark is a distinctive trademark in relation to the Telugu Association's Services.

### Telangana Association's Activities

24. In 2016, the president and certain officers and founders of the Telangana Association undertook to operate the rival Telangana Association in competition with Telugu Association, while at the same time they were also members of Telugu Association.

25. Mr. Satyanarayana Reddy Kandimalla, also known as Saty Kandimalla, is the president of Telangana Association and he was a trustee of the Telugu Association from 2009 to 2016. Mr. Kandimalla was also a prior treasurer of Telugu Association.

26. Mr. Karunakar Madhavaram is the chairman of the board of Telangana Association and he was a trustee of the Telugu Association from 2009 to 2014 and was president of the Telugu Association from 2013 to 2014. Mr. Madhavaram was also a prior treasurer of Telugu Association.

27. Telangana Association provides at least the following services ("Telangana Association Services"):

    a.   Social association services, namely, promoting the Telugu cultural heritage.

    b.   Social club services for the purpose of preserving the Telugu cultural heritage, namely, arranging, organizing and hosting social events and get-togethers for club members;

    c.   Arranging, organizing and hosting educational conferences, social events and get-togethers for the purpose of preserving the Telugu cultural heritage; and,

      d.   Education services, namely, providing events in the fields of Telugu culture.

28. Recently, Telangana purports to frame its Telugu related services in terms of Telangana culture and Telangana cultural heritage using the terms "Telangana" and/or "Telanganite." For example, Telangana Association filed trademark application 87/676,145 (the '145 application)



at the USPTO seeking to register the mark                 , which comprises the Telugu Language ATA. In the '145 application when it was filed, Telangana Association declared that it had used and was using the mark of the '145 application in connection with the following services ("Telangana Association Services Framed in Telanganite Terms"):

      a.   Social association services, namely, promoting the Telanganite cultural heritage and maintaining the identity of people of Telanganite origin;

      b.   Social club services for the purpose of preserving the Telanganite cultural heritage and maintaining the identity of people of Telanganite origin, namely, arranging, organizing and hosting social events and get-togethers for club members;

      c.   arranging, organizing and hosting educational conferences, social events and get-togethers for the purpose of preserving the Telanganite cultural heritage and maintaining the identity of people of Telanganite origin; and,

      d.   education services, namely, providing conferences, workshops, seminars and discussion forums in the fields of Telanganite literacy and culture

29. Telangana Association's website at ATAUSA.ORG provides that Telangana Association is a non-profit organization devoted to the awareness, promotion, and preservation

of the culture and traditions of Telangana.

30. However, Telangana/Telanganite culture, cultural heritage, and traditions--to whatever extent such classifications exists--is at least largely Telugu culture, cultural heritage, and traditions.

31. On information and belief, Telangana Association hosted a conference in 2018 that included cultural programs that reflect Telugu culture and heritage and were presented in the Telugu/Sanskrit language. See Exhibit B.

32. Persons of Telugu origin include, but are not limited to, persons who originate or whose ancestors originate from the state of Telangana in India.

33. The Telugu language is an official language of the state of Telangana, India.

34. Telangana Association operates the website at ATAUSA.ORG where it advertises and renders its services, at least in part.

35. Telangana Association operates the website at ATACONVENTION.ORG where it advertises and renders its services, at least in part, including its convention.

36. Telugu Association operates a conference website at ATACONFERENCE.ORG.

37. ATACONVENTION.ORG is confusingly similar to ATACONFERENCE.ORG.

38. Telangana Association has and is using ATA in connection with offering, advertising, and rendering its services, including Telangana Association Services, in commerce, including at ATAUSA.ORG and ATACONVENTION.ORG.

39. For example, Telangana uses ATA in its logo ("Telangana Logo"):



40. Telangana Association uses the Telangana Logo on its website and on at least some of its advertising materials in connection with its services.

41. As another example, Telangana has and is using ATA in the form "ATA-Telangana".

42. Telugu Association's first use of the ATA Mark was before Telangana Association's first use of ATA. Therefore, Telugu Association has priority of use in it ATA Mark. Telugu Association's first use of the Composite Mark was before Telangana Association's first use of ATA. Therefore, Telugu Association has priority of use in the Composite Mark.

43. Telangana uses the Telugu language characters ఆటా ("Telugu Language ATA") in connection with offering, advertising, and rendering its services, including Telangana Association Services, in commerce.

44. ఆటా transliterates to "ATA" in Latin/English characters.

45. ఆటా sounds the same as the ATA mark.

46. At least a substantial portion of Telugu Association's members/customers and target members/customers would recognize that ఆటా transliterates to "ATA."

47. On information and belief, at least at a substantial portion of Telangana Association's members/customer and target members/customers would recognize that ఆటా transliterates to "ATA."

48. Telugu Association's target members/customers overlap Telangana Association's target members/customers.

49. One example use by Telangana Association of the Telugu Language ATA is



("First Example Use of Telugu Language ATA"). This First Example Use of Telugu Language ATA is in use on Telangana Association's website at https://www.atausa.org/Event/EventDetails?EventName=world-telangana-convention-2018&Type=past&eid=3 and in connection with a conference that it held in 2018. See Exhibit

C.

50. Telangana Association has and is using Telugu Language ATA in connection with offering, advertising, and rendering its services, including Telangana Association Services, in commerce, including at ATAUSA.ORG.

51. Telugu Association's first use of each of the Telugu Marks was before first Telangana Association's first use of Telugu Language ATA. Therefore, Telugu Association has priority of use in it each of the Telugu Marks.

52. Telangana adopted ATA and Telugu Language ATA with knowledge of the Telugu Marks.

53. Telangana's use of ATA and of the Telugu Language ATA was not authorized by Telugu Association.

54. On information and belief, Telangana Association adopted and used ATA and the Telugu Language ATA with the bad faith intent to confuse potential members/customers/donors in the relevant marketplace, while knowing of Telugu Association's long use of and rights in the ATA Mark and the Composite Mark.

55. Telugu Association demanded that Telangana Association stop use of ATA and the Telugu Language ATA, but Telangana Association has not stopped such use.

**Count I: Trademark Infringement; 15 U.S.C. 1114(a)**

56. Telugu Association repeats and restates its allegations from paragraphs 1 through 55 as its allegation for this paragraph 56.

57. ATA, in the forms used by Telangana Association, is identical or highly similar to Telugu Association's ATA Mark.

58. Telangana's Services are highly similar to Telugu Association Services.

59. Telangana Association Services Framed in Telanganite Terms are highly similar to Telugu Association Services.

60. Telangana Association has infringed and continues to infringe Telugu Association's ATA Mark in commerce by various acts using ATA, in various forms, in the offering and rendering its services, including Telangana's Services, without Telugu Association's consent. This use of the mark is likely to cause confusion, to cause mistake, and to deceive.

61. Telangana Association's use of ATA, in various forms, is a reproduction, counterfeit, copy, or colorable imitation of the registered ATA Mark in connection with the sale, offering for sale, distribution, or advertising of its services, including Telangana's Services, in commerce, and such use is likely to cause confusion, or to cause mistake, or to deceive.

62. Telangana Association's use of ATA, in various forms, has and is causing damage to Telugu Association.

63. By reason of Telangana Association's acts alleged herein, Telugu Association has and will suffer damage to its association, reputation, and good will.

64. The conduct of Telangana Association is causing and, unless enjoined and restrained by this Court, will continue to cause Telugu Association great and irreparable injury that cannot fully be compensated or measured in money. It would be difficult to ascertain the amount of compensation which would afford Telugu Association adequate relief for the continuing acts of Telangana Association, and a multiplicity of judicial proceedings would be required. Telugu Association has no adequate remedy at law. Telugu Association is entitled to injunctive relief prohibiting Telangana Association from using ATA and confusingly similar marks, and ordering Telangana Association to turn over to Telugu Association control of the ATAUSA.ORG and ATACONVENTION.ORG.

65. Telangana Association's foregoing acts of infringement are willful and intentional, with utter disregard of and with indifference to the rights of Telugu Association.

## Count II: Trademark Infringement; 15 U.S.C. 1114(a)

66. Telugu Association repeats and restates its allegations from paragraphs 1 through 65 as its allegation for this paragraph 66.

67. The Telugu Language ATA as used by Telangana Association is highly similar to Telugu Association's ATA Mark.

68. Telangana's Services are highly similar to Telugu Association Services.

69. Telangana Association Services Framed in Telanganite Terms are highly similar to Telugu Association Services.

70. Telangana Association has infringed and continues to infringe Telugu Association's ATA Mark in commerce by various acts using the Telugu Language ATA in the offering and rendering of Telangana Association's services, including Telangana's Services, without Telugu Association consent. This use of the Telugu Language ATA is likely to cause confusion, to cause mistake, and to deceive.

71. Telangana Association's use of Telugu Language ATA is a reproduction, counterfeit, copy, or colorable imitation of the registered ATA Mark in connection with the sale, offering for sale, distribution, or advertising of Telangana Association's services, including Telangana's Services, in commerce, and such use is likely to cause confusion, or to cause mistake, or to deceive.

72. Telangana Association's use of the Telugu Language ATA has and is causing damage to Telugu Association.

73. By reason of Telangana Association's acts alleged herein, Telugu Association has and

will suffer damage to its association, reputation, and good will.

74. The conduct of Telangana Association is causing and, unless enjoined and restrained by this Court, will continue to cause Telugu Association great and irreparable injury that cannot fully be compensated or measured in money. It would be difficult to ascertain the amount of compensation which would afford Telugu Association adequate relief for the continuing acts of Telangana Association, and a multiplicity of judicial proceedings would be required. Telugu Association has no adequate remedy at law. Telugu Association is entitled to injunctive relief prohibiting Telangana Association from using the Telugu Language ATA and confusingly similar marks.

75. Telangana Association's foregoing acts of infringement are willful and intentional, with utter disregard of and with indifference to the rights of Telugu Association.

**Count III: Trademark Infringement; 15 U.S.C. 1125(a)**

76. Telugu Association repeats and restates its allegations from paragraphs 1 through 75 as its allegation for this paragraph 76.

77. ATA as used by Telangana Association is identical or highly similar to Telugu Association's ATA Mark and the Composite Mark.

78. Telangana's Services are highly similar to Telugu Association Services.

79. Telangana Association Services Framed in Telanganite Terms are highly similar to Telugu Association Services.

80. Telangana Association has infringed and continues to infringe the Telugu Marks in commerce by various acts using ATA, in various forms, in the offering and rendering of Telangana Association's services, including Telangana's Services, without Telugu Association's consent. This use of the mark is likely to cause confusion, to cause mistake, and to deceive.

81. Telangana Association's use of ATA, in various forms, in connection with Telangana Association's services in commerce is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the Telangana Association with Telugu Association as to the origin, sponsorship, or approval of Telangana Association's services, including Telangana's Services, by Telugu Association.

82. Telangana Association's use of ATA, in various forms, in connection with Telangana Association's services is likely to deceive, confuse, and mislead members/donors/customers and prospective members/donors/customers to believe that Telangana Association's services, including Telangana's Services, originate, emanate from or are authorized or approved by, or are in some manner associated or affiliated with Telugu Association.

83. Telangana Association's use of ATA, in various forms, has and is causing damage to Telugu Association.

84. By reason of Telangana Association's acts alleged herein, Telugu Association has and will suffer damage to its association, reputation, and good will.

85. The conduct of Telangana Association is causing and, unless enjoined and restrained by this Court, will continue to cause Telugu Association great and irreparable injury that cannot fully be compensated or measured in money. It would be difficult to ascertain the amount of compensation which would afford Telugu Association adequate relief for the continuing acts of Telangana Association, and a multiplicity of judicial proceedings would be required. Telugu Association has no adequate remedy at law. Telugu Association is entitled to injunctive relief prohibiting Telangana Association from using ATA and confusingly similar marks, and ordering Telangana Association to turn over to Telugu Association control of the ATAUSA.ORG and ATACONVENTION.ORG.

86. Telangana Association's foregoing acts of infringement under 15 USC 1125(a) are willful and intentional, with utter disregard of and with indifference to the rights of Telugu Association.

**Count IV: Trademark Infringement; 15 U.S.C. 1125(a)**

87. Telugu Association repeats and restates its allegations from paragraphs 1 through 86 as its allegation for this paragraph 87.

88. Telugu Language ATA as used by Telangana Association is highly similar to Telugu Association's ATA Mark and Composite Mark.

89. Telangana's Services are highly similar to Telugu Association Services.

90. Telangana Association Services Framed in Telanganite Terms are highly similar to Telugu Association Services.

91. Telangana Association has infringed and continues to the Telugu Marks in commerce by various acts using Telugu Language ATA in the offering and rendering of Telangana Association's services, including Telangana's Services, without Telugu Association's consent. This use of the mark is likely to cause confusion, to cause mistake, and to deceive.

92. Telangana Association's use of Telugu Language ATA in connection with Telangana's Services in commerce is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the Telangana Association with Telugu Association as to the origin, sponsorship, or approval of Telangana Association's services, including Telangana's Services, by Telugu Association.

93. Telangana Association's use of Telugu Language ATA in connection with Telangana Association's Services is likely to deceive, confuse, and members/donors/customers and prospective members/donors/customers to believe that Telangana Association's services,

including Telangana's Services, originate, emanate from or are authorized or approved by, or are in some manner associated or affiliated with Telugu Association.

94. Telangana Association's use of Telugu Language ATA Mark has and is causing damage to Telugu Association.

95. By reason of Telangana Association's acts alleged herein, Telugu Association has and will suffer damage to its association, reputation, and good will.

96. The conduct of Telangana Association is causing and, unless enjoined and restrained by this Court, will continue to cause Telugu Association great and irreparable injury that cannot fully be compensated or measured in money. It would be difficult to ascertain the amount of compensation which would afford Telugu Association adequate relief for the continuing acts of Telangana Association, and a multiplicity of judicial proceedings would be required. Telugu Association has no adequate remedy at law. Telugu Association is entitled to injunctive relief prohibiting Telangana Association from using the Telugu Language ATA and confusingly similar marks.

97. Telangana Association's foregoing acts of infringement under 15 USC 1125(a) are willful and intentional, with utter disregard of and with indifference to the rights of Telugu Association.

**Count V: Cybersquatting/Cyberpiracy; 15 U.S.C. 1125(d)**

98. Telugu Association repeats and restates its allegations from paragraphs 1 through 97 as its allegation for this paragraph 98.

99. The ATAUSA.ORG domain name begins with Telugu Association's ATA. The characters "USA" are descriptive, weak, do not distinguish the domain name from ATA Mark.

100. The ATAUSA.ORG domain name is confusingly similar to Telugu Association's ATA

Mark.

101. ATA Mark was distinctive at or before the time of registration of the ATAUSA.ORG.

102. On information and belief, Telangana Association had and has a bad faith intent to profit from ATA Mark in using the ATAUSA.ORG, at least by creating a likelihood of confusion as to the source sponsorship, affiliation, or endorsement of ATAUSA.ORG.

103. On information and belief, Telangana Association had and has a bad faith intent to profit from ATA Mark in using the ATAUSA.ORG, at least by intending to profit by appropriating the goodwill and recognition connected with the ATA Mark in the relevant community.

104. Telangana Association violated 15 USC 1125(d) by using ATAUSA.ORG.


**Count VI: Cybersquatting/Cyberpiracy; 15 U.S.C. 1125(d)**

105. Telugu Association repeats and restates its allegations from paragraphs 1 through 104 as its allegation for this paragraph 105.

106. The ATACONVENTION.ORG domain name begins with Telugu Association's ATA Mark. The word "convention" in the domain name is descriptive, weak, and does not distinguish the domain name from the ATA Mark.

107. The ATACONVENTION.ORG domain name is confusingly similar to Telugu Association's ATA Mark.

108. Telugu Association operates a conference website at ATACONFERENCE.ORG.

109. Telangana Association operate its convention website at ATACONVENTION.ORG.

110. ATACONVENTION.ORG is confusingly similar to ATACONFERENCE.ORG.

111. The ATA Mark was distinctive at or before the time of registration of the

ATACONVENTION.ORG.

112. On information and belief, Telangana Association had and has a bad faith intent to profit from the ATA Mark in using the ATACONVENTION.ORG, at least by creating a likelihood of confusion as to the source sponsorship, affiliation, or endorsement of ATACONVENTION.ORG.

113. On information and belief, Telangana Association had and has a bad faith intent to profit from ATA Mark in registering and/or using the ATACONVENTION.ORG, at least by intending to profit by appropriating the goodwill and recognition connected with the ATA Mark in the relevant community.

114. Telangana Association violated 15 USC 1125(d) by using ATACONVENTION.ORG.


**Count VII: Illinois Uniform Deceptive Trade Practices Act Violations**

115. Telugu Association repeats and restates its allegations from paragraphs 1 through 114 as its allegation for this paragraph 115.

116. Section (2)(a) of the Illinois Uniform Deceptive Trade Practices Act, ("DTPA") provides that a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: … (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; …[or] (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have…." 815 ILCS 510/2(a).

117. Telangana Association engaged in a deceptive trade practice by the unauthorized use of ATA, in various forms, in connection with Telangana Association's services, including Telangana Services, in commerce, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the Telangana Association with Telugu Association and as to the origin, sponsorship, or approval of Telangana Association's services, including Telangana Services, by Telugu Association.

118. Telangana Association engaged in a deceptive trade practice by the unauthorized use of Telugu Language ATA, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the Telangana Association with Telugu Association and as to the origin, sponsorship, or approval of Telangana Association's services, including Telangana Services, by Telugu Association.

119. Telangana Association engaged in a deceptive trade practice by the unauthorized use of ATA on and in connection with the domain names ATAUSA.ORG and ATACONFERENE.ORG and the corresponding websites, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the Telangana Association with Telugu Association and as to the origin, sponsorship, or approval of Telangana Association's services, including Telangana Services, Services by Telugu Association.

120. Under Section 3 of the DTPA, the court may grant injunctive relief on terms that the court considers reasonable. 815 ILCS 510/3.

121. Telangana Association willfully engaged in the foregoing deceptive trade practices.

**Count VIII: Unfair Competition**

122. Telugu Association repeats and restates its allegations from paragraphs 1 through 121

as its allegation for this paragraph 122.

123. Telangana Association's aforesaid activities, including its use of ATA, in various forms, and Telugu Language ATA, constitutes unfair competition and an infringement of Telugu Association's common law trademark rights in the ATA Mark and the Composite Mark.

124. Telugu Association has been damaged by Telangana Association's unfair competition and infringement.

125. This unfair competition and infringement has caused, and unless enjoined, will continue to cause Telugu Association irreparable harm.

126. Telangana Association's unfair competition activities and infringement were willful.

127. Telugu Association has no adequate remedy at law.

**Request for Relief**

Plaintiff, Telugu Association, respectfully asks this Court to enter judgment in its favor and against Telangana Association, on all Counts of this Complaint, and to enter an Order:

A. Enjoining Telangana Association to stop and against any use of ATA and confusingly similar marks;

B. Enjoining Telangana Association to stop and against any use of the Telugu Language ATA (ఆటా) and confusingly similar marks;

C. Enjoining Telangana Association and all other entities, agents, or persons acting in concert with Telangana Association to stop all use of and to transfer control of the domain names ATAUSA.ORG and ATACONVENTION.ORG to Telugu Association;

D. Enjoining Telangana Association to destroy all marketing and other material comprising ATA or ఆటా;

E. Awarding to Telugu Association actual damages and/or statutory damages, as Telugu Association may elect if necessary, as a result of Telangana Association's wrongful conduct in an amount to be determined at trial;

F. Awarding to Telugu Association any profits received by Telangana Association in connection with Telangana Association's wrongful conduct;

G. A finding that Telangana Association's violations of the Lanham Act were willful;

H. A finding that Telangana Association's violations of the Illinois Uniform Deceptive Trade Practices Act were willful;

I. A finding that Telangana Association's unfair competition activities and infringements were willful.

J. Increasing the award of damages under 15 USC 1117(a) to three times actual damages;

K. Finding that Telangana Association's violations of the Lanham Act constitute an exceptional case;

L. Awarding Telugu Association its attorney fees;

M. Awarding Telugu Association its costs;

N. Awarding to Telugu Association punitive damages for Telangana Association's wrongful conduct; and,

O. Awarding Telugu Association such other relief as the Court deems proper and just.

* * * * *

## Jury Demand

Telugu Association demands a trial by jury on all issues so triable.

* * * * *

Date: February 14, 2019.

Respectfully Submitted,

AMERICAN TELUGU ASSOCIATION,

By his attorneys,


/s/Eric R. Waltmire_____
Eric R. Waltmire, ARDC No. 6287632
eric@ericksonlawgroup.com
Erickson Law Group, PC,
1749 S. Naperville Rd. Suite 202
Wheaton, IL 60189
Phone: 630-665-9404